UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PHILLIPE MERCADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 09-12115-DJC |
| THOMAS DICKHAUT, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S REQUEST FOR STAY

March 31, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

The Petitioner, Phillipe Mercado ("Mercado" or the "defendant"), was convicted by an Essex Superior Court jury of murder in the first degree on a theory of deliberate premeditation. While he admitted killing the victim, his wife, Mercado's defenses were lack of criminal responsibility and provocation arising from his wife's infidelity. After his post-trial motions failed, Mercado appealed from his conviction, the denial of his motion for a new trial, and from the denial of his motion to reduce the verdict. In an opinion dated November 26, 2008, the Massachusetts Supreme Judicial Court ("SJC") affirmed the conviction and the orders denying the defendant's motions, and declined to exercise its extraordinary power pursuant to Mass. Gen. Laws ch. 278, § 33E to reduce

the verdict to manslaughter. Commonwealth v. Mercado, 452 Mass. 662, 663, 896 N.E.2d 1262, 1265 (2008).

Mercado filed a timely pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 9, 2009. (Docket No. 1). On March 1, 2010, the Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies. (Docket No. 10). Mercado, with leave of court, filed an amended petition for writ of habeas corpus on April 12, 2010, adding a number of new claims. (Docket No. 18-1). Respondent filed a supplemental motion to dismiss the amended petition, again asserting that Mercado had failed to exhaust his state court remedies. (Docket No. 26). For his part, Mercado filed a motion to dismiss the Respondent's motion to dismiss for failure to answer the writ of habeas corpus (Docket No. 25), and a motion for stay and abeyance in the event this court finds that not all the claims were exhausted. (Docket No. 28). This Report and Recommendation addresses all three motions to dismiss and the motion to stay.

For the reasons detailed herein, this court finds that eight of the claims in dispute were not exhausted. In addition, however, this court concludes that dismissal is not warranted in light of the existence of three exhausted claims, although a stay also is not warranted because Mercado has not shown "good cause" for failing to exhaust his claims. Therefore, this court recommends to the District Judge to whom this case is assigned that all the motions be DENIED in the form described at the conclusion of this Report and Recommendation. In addition, this court recommends that Mercado be given thirty (30)

days from the District Judge's ruling to drop his unexhausted claims. If he fails to do so, the Respondent should be allowed to renew his motion to dismiss.

## II. <u>STATEMENT OF FACTS</u>[1]

### <u>The Underlying Crime</u>

Since the facts of the underlying crime are not relevant to the issues raised by the motions to dismiss and stay, they will be addressed only briefly.

The defendant and his wife were having marital difficulties. On July 30, 2001, after an altercation, the defendant's wife went to the apartment of her sister-in-law, Julie Diaz. As the SJC found,[2]

> The defendant tried to control himself, but could not. He grabbed a kitchen knife and went to the Diaz apartment. There he stabbed his wife to death, slashing her several times in front of their children and others. He then ran to the street, broke the window of his wife's car, grabbed her purse, and scattered its contents on the street. He also superficially cut his wrist. By this time, the police had responded to a 911 call; they observed the defendant walking on the street and took him into custody.

<u>Mercado</u>, 452 Mass. at 664, 896 N.E.2d at 1265. The jury rejected Mercado's defense of lack of criminal responsibility and provocation arising from his wife's infidelity. <u>Id.</u> at 663, 896 N.E.2d at 1265.

---

[1] The Commonwealth has filed a two-volume Supplemental Answer ("SA") containing the record below. (Docket No. 14).

[2] The state trial and appellate courts' findings of fact are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). <u>See</u> <u>Gunter v. Maloney</u>, 291 F.3d 74, 76 (1st Cir. 2002); <u>Rashad v. Walsh</u>, 300 F.3d 27, 35 (1st Cir. 2002). Unless otherwise indicated, the facts are not in dispute.

## Procedural History

Mercado was indicted on September 5, 2001 by an Essex County grand jury, and charged with murder in the first degree under the dual theories of deliberate premeditation and extreme atrocity or cruelty.[3] A jury trial was held beginning on February 9, 2004 before Superior Court Judge Leila R. Kern. (SA 6). On February 13, 2004, the jury found Mercado guilty of first degree murder under the theory of deliberate premeditation. (SA 7). Judge Kern then imposed the mandatory sentence of life without the possibility of parole. (Id.). Mercado immediately filed a notice of appeal. (Id.).

On February 16, 2007, Mercado filed a motion for a new trial on the grounds of ineffective assistance of counsel, along with a motion for an evidentiary hearing. (SA 8, 84). On April 12, 2007, Mercado filed a motion to reduce the verdict. (SA 8, 262). The motion to reduce the verdict was denied on July 5, 2007, and the motion for a new trial was denied on August 14, 2007, without a hearing. (SA 9). The appeals of the denial of these motions were consolidated with the direct appeal.

## Issues Presented to the SJC

The following issues were presented to the SJC:

1. Whether the admission of voluminous evidence of uncharged misconduct, or "bad acts" evidence at Mercado's trial gave rise to a substantial likelihood of a miscarriage of justice and whether trial counsel's failure to object to the admission of this evidence constituted ineffective assistance of

---

[3] Mercado was also charged with violating a restraining order, but the prosecutor entered a nolle prosequi on this charge following the Petitioner's conviction for murder. (See SA 17-18 & n.2).

-4-

counsel and violated Mercado's Sixth Amendment and Article Twelve rights;[4]

2. Whether the trial judge erred in denying Mercado's motion for a new trial without granting him an evidentiary hearing;

3. Whether the trial judge's confusing instruction regarding heat of passion based on reasonable provocation gave rise to a substantial likelihood of a miscarriage of justice where it was the only theory of manslaughter available to Mercado, and where the instruction could have been interpreted by the jurors as precluding a manslaughter verdict when the provocation consists of words alone;

4. Whether the Court should exercise its power under G.L. c. 278, § 33E to reduce the verdict due to the scant evidence that Mercado was criminally responsible, the possibility of juror confusion regarding the availability of a manslaughter verdict, the exposure of the jurors to irrelevant and inflammatory information about Mercado, and Mercado's history of serious mental illness.

(SA 16-17). These issues were all addressed by the SJC. See Mercado, 452 Mass. at 663, 896 N.E.2d at 1265.

## The Habeas Petition

Mercado raised four grounds in his original habeas petition, including the first three issues presented to the SJC as quoted above. The Respondent only challenges Ground One as being unexhausted, namely Mercado's contention of a violation of his Fifth Amendment rights because his conviction was obtained by use of a coerced confession. See Respondent's Memorandum of Law in Support of the Motion to Dismiss (Docket No. 11) at 4.

---

[4] This was the issue raised in Mercado's motion for a new trial. (See SA 18).

In his amended habeas petition, Mercado added seven new Grounds, all of which the Respondent challenges as being unexhausted. Thus, as numbered by Mercado in his amended petition, the Respondent is challenging the following eight Grounds in toto:

- A-1. violation of his Fifth Amendment rights due to his conviction having been obtained by use of a coerced confession;

- A-3. prosecutorial misconduct in his closing argument;

- B-4. conditions of confinement, restrictions and regulations placed on prisoners are so serious they could be considered cruel and unusual punishment in violation of Mercado's 1st, 8th and 14th Amendment rights;

- A-5. judge gave erroneous instructions to the jury on the elements of deliberate premeditation;

- B-6. three communications between the Judge, attorney and District Attorney were off the record and one not reflected in the transcript;

- A-7. conviction obtained by the use of evidence obtained pursuant to an unconstitutional search and seizure in violation of the 6th Amendment;

- B-8. denial of ineffective assistance of counsel in violation of the 14th Amendment because Mercado was not at the custody hearing for his minor children; and

- A. conviction obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to the defendant including the murder weapon and a second set of fingerprints from another person.

(Docket No. 18-1). It is undisputed that the following Grounds, as numbered in the amended habeas petition, were exhausted:

- B-2. Ineffective assistance of counsel and violation of Mercado's 6th Amendment rights. "The admission of voluminous evidence of uncharged misconduct and failure to object to the admission of this evidence, resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings";

C. The failure of the trial judge to grant Mercado an evidentiary hearing; and

D. The trial judge's confusing instructions regarding heat of passion based on reasonable provocation.

(Docket No. 18-1). These issues were all raised before the SJC as described above.

### III. DISCUSSION

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thus giving the state the first 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007) (quoting Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (per curium) (internal citations omitted)). In order to exhaust a claim, it must be "fairly presented" to the state's highest court which, in this case, is the SJC. See Josselyn, 475 F.3d at 3, and cases cited; Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997).

"In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (additional citations and internal quotations omitted)). This means that the legal theories presented as grounds for relief must be the same in both the state and federal courts. Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987), and cases cited. "It is not enough that the

same facts underlay the claims." Id. See also Baldwin v. Reese, 541 U.S. 27, 31-32, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004).

In the instant case, the eight claims challenged by the Respondent were not presented to the SJC. Thus, they cannot be considered in the instant habeas petition. See Fusi v. O'Brien, 621 F.3d 1, 5 (1st Cir. 2010) ("In order to promote principles of comity and federalism, 'a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application.'") (quoting Adelson, 131 F.3d at 261).

### **Effect of a Mixed Petition**

The Respondent has moved to dismiss the habeas petition on the grounds that it contains unexhausted claims in addition to the claims that are admittedly exhausted. It is well established, however, that where, as here, a petition is a "mixed petition" in that it contains both exhausted and unexhausted claims, the federal court either should stay the matter to enable the petitioner to pursue his remedies in state court or, if a stay is not warranted, the court "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims." Jones v. Bock, 549 U.S. 199, 222, 127 S. Ct. 910, 924-25, 166 L. Ed. 2d 798 (2007) (internal quotation omitted). "[T]he district court should dismiss the entire petition without prejudice" only if the petitioner declines to dismiss his unexhausted claims. Clements , 485 F.3d at 169. As detailed below, this court recommends that Mercado be given the opportunity to dismiss his unexhausted

claims. If he fails to do so, the Respondent should be given the opportunity to renew his motion to dismiss.

In his "Motion to Dismiss for Failure to Answer Writ of Habeas Corpus" (Docket No. 25), Mercado has asked that the Commonwealth waive the exhaustion obligation. Even assuming, arguendo, that the exhaustion requirement could somehow be waived, Mercado has not asserted any facts which would support such a waiver. There is no reason why the well-established principles of comity and federalism should be ignored in this case.

In the alternative, by his motion for stay and abeyance (Docket No. 28), Mercado has moved for a stay of the entire petition to allow him to return to state court to continue his appeal of his unexhausted claims. By a request for a "stay and abeyance," the "petitioner would receive a stay in his federal habeas case, permitting him to return to state court to complete the requirements for exhaustion on any unexhausted claims, and he could subsequently return to federal court to pursue his habeas claims." Clements, 485 F.3d at 169. In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Supreme Court held that this procedure would be appropriate where "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the "unexhausted claims are potentially meritorious and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277-278, 125 S. Ct. at 1535. The Court further noted that stay and abeyance "should be available only in limited circumstances." Id. at 277, 125 S. Ct. at 1535. Finally, the

Court held that where stay and abeyance is not merited, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. at 278, 125 S. Ct. at 1535.

Mercado has not established "good cause" for his failure to exhaust his claims. Mercado has not suggested any reason why these new claims could not have been presented to the state court. None of them raises issues which were unknown prior to the appeal to the SJC. Absent good cause, the motion to stay should be denied. See Josselyn, 475 F.3d at 5.

## IV. CONCLUSION

For all the reasons detailed herein, this court finds that eight of the claims raised in the amended habeas petition were not exhausted, but three of the claims were. This court recommends to the District Judge to whom this case is assigned that the Respondent's (original) Motion to Dismiss for Failure to Exhaust State Court Remedies (Docket No. 10) be DENIED AS MOOT, that Respondent's Supplemental Motion to Dismiss for Failure to Exhaust State Court Remedies (Docket No. 26) be DENIED WITHOUT PREJUDICE and that Petitioner's Motion to Dismiss for Failure to Answer Writ of Habeas Corpus (Docket No. 25) and Petitioner's Motion for a Stay and Abeyance (Docket No. 28) be DENIED WITH PREJUDICE. In addition, this court recommends that Petitioner be given thirty (30) days from the District Judge's ruling to drop his

unexhausted claims. If he fails to do so, the Respondent should be allowed to renew his motion to dismiss.[5]

                                                         / s / Judith Gail Dein
                                                        Judith Gail Dein
                                                        United States Magistrate Judge

---

[5] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).